**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BROADSIGN INTERNATIONAL, LLC, | : |
| | : |
| | : |
| Plaintiff, | : Civil Action No.: |
| | : 1:16-cv-04586 (LTS) (HBP) |
| v. | : |
| | : |
| | : JURY TRIAL REQUESTED |
| T-REX PROPERTY AB, | : |
| | : |
| Defendant. | : |
| | : |
| | : |

**AMENDED JOINT PRELIMINARY PRETRIAL STATEMENT**

Pursuant to the Court's July 25, 2016 Initial Conference Order (Dkt. 9), counsel for Plaintiff BroadSign International, LLC ("Plaintiff" or "BroadSign") and Defendant T-Rex Property AB ("Defendant" or "T-Rex") conferred regarding the matters set forth in the Court's Initial Conference Order.  A Joint Preliminary Pretrial Statement was filed on March 17, 2017 (D.I. 28).  The parties conferred again on September 21, 2018 to further discuss the matters set forth in that Joint Preliminary Pretrial Statement which they have agreed to amend as follows.

A.      NATURE OF THE ACTION

On June 16, 2016, BroadSign filed a Complaint (D.I. 1) against T-Rex seeking a declaratory judgment of non-infringement as to U.S. Patent No. RE39,470 ("the '470 patent"); U.S. Patent No. 7,382,334 ("the '334 patent"); and U.S. Patent No. 6,430,603 ("the '603 patent") (collectively, the "patents-in-suit") and intervening rights as to the '470 patent.

On September 15, 2016, BroadSign filed an Amended Complaint (D.I. 10).

The complaint was served on T-Rex in Sweden on November 11, 2016.

On December 14, 2016, T-Rex filed a Motion to Dismiss for Lack of Jurisdiction (D.I. 14).

On January 10, 2018, the Court granted T-Rex's motion to dismiss the complaint for lack of subject matter jurisdiction and ordered that BroadSign may move for leave to file a Second Amended Complaint (D.I. 40).

On February 1, 2018, BroadSign filed a motion for leave to file a Second Amended Complaint (D.I. 42-44).  On July 13, 2018, the Court granted BroadSign's motion for leave to file a Second Amended Complaint, finding that BroadSign's Second Amended Complaint sufficiently frames a case or controversy between itself and T-Rex with respect to infringement of the Patents-in-Suit (D.I. 54).

1

On August 16, 2018, T-Rex filed a motion to dismiss BroadSign's Second Amended Complaint for failure to state a claim (D.I. 59-61).  BroadSign has opposed the motion (D.I. 65). T-Rex's second motion to dismiss remains pending.

T-Rex has not filed an answer or counterclaims in this case.

## B.    PENDING RELATED CRIMINAL OR CIVIL ACTIONS

There are no pending related criminal or civil actions to which BroadSign and T-Rex are parties. The following is a list of pending District Court cases involving one or more of the patents-in-suit:

|   | Case Name | Case No. | Jurisdiction |
|---|-----------|----------|--------------|
| 1 | T-Rex Property AB v.  Regal Entertainment Group | 6:16-cv-00927 | Eastern District of Texas |
| 2 | T-Rex Property AB v.  Clear Channel Outdoor Holdings, Inc.  et al | 6:16-cv-00974 | Eastern District of Texas |

## C.    STATEMENT OF EACH PARTY'S POSITION AS TO THE BASIS OF THE COURT'S JURISDICTION OF THE ACTION

**BroadSign's Statement:**

This action arises under the Declaratory Judgment Act, 28 U.S.C. §§2201, *et seq.,* and under the Patent Laws of the United States, as enacted under Title 35 of the United States Code. This Court has jurisdiction over this action pursuant to 35 U.S.C. §§ 271, *et seq.*, and 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

BroadSign is a supplier of hardware and software solutions to operators of networks of digital displays.  BroadSign's platform includes an interface for managing a network of BroadSign Players associated with the digital displays, and among other things, upload desired content, book and manage advertising campaigns and monitor network health.  The BroadSign

Players organize the content based on booked advertising campaigns and enable content to be played on the associated digital displays.

To date, T-Rex has filed over 59 patent infringement actions against digital content providers. At least five (5) BroadSign customers who are digital content providers have been sued by T-Rex for patent infringement on one or more of the patents-in-suit. One of those customers, Health Media Network, LLC ("HMN"), was sued on May 27, 2016, in the United States District Court for the Northern District of Illinois. In that complaint, T-Rex accuses BroadSign's customer of infringing the '470, '334 and '603 patents and identifies the allegedly infringing devices and systems as the defendant's "digital health media advertising network." The accused "digital health media advertising network" which T-Rex claims infringes the patents in suit is the product that BroadSign sold and delivered to defendant Health Media Network. HMN has no other platform provider for its "digital health media network."

As a result of the T-Rex lawsuits filed against BroadSign's customers over the past year accusing BroadSign's products and services of infringing each of the patents-in-suit, there is a real, immediate and justiciable controversy between T-Rex and BroadSign concerning infringement of sufficient immediacy to warrant the issuance of a declaratory judgment. There is a real and palpable threat of suit by T-Rex against BroadSign and/or against additional BroadSign customers arising from their use of BroadSign's products. This threat is real and not idle, not only because of the existing suits against BroadSign's customers, but also because T-Rex has filed at least 59 patent infringement suits asserting one or more of these same patents in judicial districts throughout the United States. Given the lawsuits against BroadSign's customers and T-Rex's litigious business model and conduct, T-Rex's actions have placed a cloud over BroadSign and its business and have injured or are injuring BroadSign's business,

creating a concrete and immediate justiciable controversy between BroadSign and T-Rex. BroadSign cannot simply stand by while its business suffers irreparable harm to await yet another filing of litigation by T-Rex at a future date.  BroadSign seeks a declaratory judgment so that its business can move forward without the imminent and ever-present threat of litigation.

This Court has found that BroadSign's Second Amended Complaint "sufficiently frames a case or controversy between itself and T-Rex with respect to infringement of the Patents-in-Suit" (D.I. 54 at 11).  BroadSign's Second Amended Complaint (D.I. 55) sets forth sufficiently detailed, plausible allegations that BroadSign does not infringe the patents in suit which BroadSign believes are invalid.  *See* D.I. 65 (incorporating by reference the arguments contained in that document).

### T-Rex's Statement

T-Rex maintains that in its Second Amended Complaint for a declaratory judgment of invalidity, non-infringement, and intervening rights, BroadSign fails to plead sufficient facts to state a claim upon which relief can be granted as required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  *See* T-Rex's Motion to Dismiss and Supporting Documents (D.I. 59-61, 66) (incorporating by reference the arguments contained in those documents).

### D.      MATERIAL UNCONTESTED OR ADMITTED FACTS

The following facts are uncontested and/or admitted:

T-Rex is the assignee and owner of the right, title and interest in and to the patents-in-suit, including the right to assert all causes of action arising under the patents-in-suit and the right to any remedies for infringement.

**E.      UNCONTESTED LEGAL ISSUES**

At present, there are no uncontested legal issues.

**F.      LEGAL ISSUES TO BE DECIDED BY THE COURT**

The parties identify the following issues to be decided by the Court based on the current status of this case as a declaratory judgment action.  However, in the event that T-Rex asserts counterclaims, some or all of these issues may thereafter be considered fact issues to be decided by a jury.

1.      Whether BroadSign's Second Amended Complaint pleads sufficient facts to state a plausible claim for relief of invalidity, non-infringement, and equitable intervening rights, and if not, then whether BroadSign will be granted leave to further amend its pleading.

2.      The construction and scope of the disputed claim terms of the patents-in-suit.

3.      The priority dates of the claims of the patents-in-suit.

4.      The absolute and equitable intervening rights with respect to the '470 Patent.

5.      Whether the patents-in-suit are invalid for lack of novelty under 35 U.S.C. Section 102.

6.      Whether the patents-in-suit are invalid for obviousness under 35 U.S.C. Section 103.

7.      Whether the patents-in-suit are invalid as unpatentable under 35 U.S.C. Section 101 as directed to an impermissible abstract idea.

8.      Whether the patents-in-suit are invalid as being directed to improper means-plus-function claims under 35 U.S.C. Section 112 and as indefinite.

9.      Additional legal issues to be determined.

**G.      MATERIAL DISPUTED FACTS**

      1.      Whether BroadSign infringes any valid and enforceable claim of the

patents-in-suit.

      2.      Whether the patents-in-suit are invalid.

**H.      BROADSIGN'S STATEMENT OF THE LEGAL BASIS OF EACH CAUSE OF ACTION ASSERTED**

      BroadSign seeks a declaratory judgment of non-infringement and invalidity of the

patents-in-suit arising out of the Patent Laws of the United States, as enacted under Title 35 of

the United States Code and pursuant to 28 U.S.C. §§ 2201-02.

**I.      LEGAL BASIS OF EACH DEFENSE ASSERTED**

      **BroadSign's Legal Basis of Each Defense Asserted**

      BroadSign reserves the right to address any such defenses at the appropriate juncture.

      **T-Rex's Legal Basis of Each Defense Asserted**

      As T-Rex has a motion to dismiss for failure to state a claim pending before this Court,

T-Rex has not answered the complaint and has not asserted any defenses.  To the extent that

T-Rex's motion to dismiss is denied, T-Rex will timely provide its defenses in response to

BroadSign's second amended complaint and, if acceptable to the Court, will provide the legal

basis of each defense to the Court within 30 days of filing its responses.

**J.      MEASURE OF PROOF AND BURDEN OF PROOF AS TO EACH CAUSE OF ACTION OR DEFENSE**

      BroadSign has the burden to prove by a preponderance of the evidence that it does not

infringe the claims of the patents-in-suit and that it is entitled to intervening rights.  BroadSign

has the burden to prove by clear and convincing evidence that the patents-in-suit are invalid.

K.      **AMENDMENT TO PLEADINGS AND/OR THE ADDITION OR SUBSTITUTION OF PARTIES**

The parties do not currently contemplate any amendments to the pleadings or addition/substitution of parties.  However, as T-Rex has an outstanding second motion to dismiss before this Court, T-Rex has not yet answered or lodged any counterclaims.  Amendment of the pleadings and addition/substitution of parties may be necessary should T-Rex add issues to this case.

To the extent that T-Rex is required to file an answer to BroadSign's Second Amended Complaint, the parties propose that the deadline for any amendments or additions/substitutions to the pleadings be 60 days after T-Rex files its answer.

L.      **TRANSFER TO A MAGISTRATE JUDGE**

The parties do not consent to transfer this case to a magistrate judge.

M.      **INITIAL DISCLOSURES UNDER FED. R. CIV. P. 26(A)(1)**

Subject to the approval of the Court, the parties have agreed to make their Initial Disclosures under Fed. R. Civ. P. 26(a)(1) [thirty (30) days after T-Rex files its answer] [on or before October 31, 2018].[1]  The parties do not propose any changes to the form or requirements for disclosures under Fed. R. Civ. P. 26(a).

N.      **DISCOVERY CUTOFF, DISCOVERY PLAN, SUBJECTS OF DISCLOSURE**

The parties continue to work together on a discovery plan, however, as T-Rex has not yet answered or lodged any counterclaims, the scope of discovery may change based on T-Rex's answer and any counterclaims.  The parties propose that fact discovery close [180 days after T-Rex files its answer, if any] [on March 25, 2018].

---

[1]  The parties were unable to agree to deadlines for this and certain other items set forth herein. Where there was disagreement, alternative proposals were included in brackets, T-Rex's first, followed by BroadSign's.

As per the Court's Initial Conference Order, the parties have conferred and agreed that the Patent Local Rules of the U.S. District Court for the Northern District of California should not apply to this case at this juncture because T-Rex has not yet answered or asserted any counterclaims.  The parties agreed to revisit the issue should the scope of the present litigation change.

## O.    EXPERT DISCOVERY

The parties may require expert testimony and evidence, and discovery related thereto, regarding the following issues:  claim construction, the infringement or non-infringement of the patents-in-suit, the intervening rights associated with the '470 patent, the validity or invalidity of the patents-in-suit, and an injunction barring T-Rex from asserting the patents-in-suit against BroadSign.

T-Rex has not yet answered or lodged any counterclaims and the scope of expert discovery may change based on T-Rex's answer and any counterclaims.

To the extent that expert discovery becomes necessary, the parties propose the following schedule:

1.    The parties shall serve opening expert reports for any expert on which they bear the burden of proof 30 days after the close of fact discovery;

2.    The parties shall serve responsive expert reports 30 days after opening reports; and

3.    The parties shall serve reply expert reports 15 days after responsive reports.

## P.    DEADLINES FOR CLASS ACTION-RELATED DISCOVERY AND MOTION PRACTICE

Not applicable.

**Q.**     **JOINT ELECTRONIC DISCOVERY SUBMISSION**

Electronic discovery is anticipated, and the parties are currently conferring regarding an ESI Order.

**R.**     **LIMITATIONS ON DISCOVERY**

The parties do not contemplate any limitations on discovery at this point in time other than the limitations imposed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern District of New York, including both the Local Civil Rules and Local Patent Rules.

**S.**     **STATUS OF SETTLEMENT DISCUSSIONS AND PROSPECTS FOR SETTLEMENT**

The parties have engaged in settlement discussions and will continue to negotiate. BroadSign believes that mediation is not needed at this time, but could be beneficial at a later time depending on further settlement discussions.  T-Rex is willing to engage in mediation and believes that mediation may assist the parties in reaching a settlement.

**T.**     **TRIAL**

In view of the current status of this case as a declaratory judgment action, the parties believe that this case should be tried without a jury.  However, T-Rex has not yet filed an answer or counterclaims, and in the event that T-Rex asserts counterclaims, the case may require a trial by jury.  The parties estimate that 5 days will be needed to present the case, with the time divided equally between the parties.  However, T-Rex has not yet answered or lodged any counterclaims and the time necessary for trial may change based on T-Rex's answer and any counterclaims.

**OTHER ORDERS**

The parties will request the Court to enter a Stipulated Protective Order to govern access to and use of confidential information, documents, and other things produced during discovery in

this action. The parties will also request the Court to enter a Scheduling Order and an ESI Order to govern discovery of Electronically-Stored Information. The parties do not believe that any additional orders from the Court are necessary at this time.

Dated: September 21, 2018

Respectfully submitted,

**BROWN RUDNICK LLP**

By: /s/ *Lawrence C. Drucker*
Alfred R. Fabricant (AF8255)
Email: afabricant@brownrudnick.com
Lawrence C. Drucker (LD9423)
Email: ldrucker@brownrudnick.com
BROWN RUDNICK LLP
7 Times Square
New York, NY 10036
Telephone: (212) 209-4800

*Attorneys for Declaratory Judgment*
*Plaintiff BroadSign International, LLC*

**DICKINSON WRIGHT PLLC**

By: /s/ *Steven R. Daniels*
Steven R. Daniels (*pro hac vice*)
Email: SDaniels@dickinsonwright.com
303 Colorado Street, Suite 2050
Austin, Texas 78701-4653
Tel: (512) 770-4200
Fax: (844) 670-6009

and

**COLLEN INTELLECTUAL
PROPERTY LAW**
Jeffrey A. Lindenbaum (JL1971)
Email: jlindenbaum@collenip.com
The Holyoke-Manhattan Building
80 South Highland Avenue
Ossining, New York 10562
Telephone: (914) 941-5668
Facsimile: (914) 941-6091

*Attorneys for Declaratory Judgment*
*Defendant T-Rex Property, AB*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on September 21, 2018, I electronically filed the foregoing filing with the Clerk of Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

/s/ *Lawrence C. Drucker*
Lawrence C. Drucker

63162266 v3

11